# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE I. GOMEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KINGS COUNTY SHERIFF DEPARTMENT, et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-01170-NONE-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS<br><br>(Doc. 9)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Jesse I. Gomez ("Plaintiff") is a county jail inmate proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On August 20, 2021, the Court screened Plaintiff's complaint and granted him leave to amend. (Doc. 6.) Plaintiff's first amended complaint, filed on September 8, 2021, is currently before the Court for screening. (Doc. 9.)

**I.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Mos*s, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the Kings County Jail and is a pretrial detainee.  Plaintiff names the following defendants:  Sr. Deputy Fausnett and Deputy Verhoeven.  In his sole amended claim, Plaintiff asserts violations of the Eighth and Ninth Amendments of the United States Constitution.  He alleges as follows:

> On 1/8/2001 I was pulled over for felony evading on Sherman Ave in Corcoran California.  Upon exiting the car with hands up, is when Deputy Fausnett released his K9 dog "Dash."  Immediately after K9 locked & bit my arms is when Officers Fausnett & Verhoeven began their excessive force & police brutality.  Fausnett struck me behind the head with fist while dog was mauling at me.  I attempted to cover my face from the viscious [sic] dog and punches thrown by defendants.  At this point K9 dog Dash began biting my right pinky finger chewing/mauling the flesh til he severed it from my body.  During this whole time I was undergoing the dog wripping [sic] off my finger Defendants continued to beat me violently.  I was screaming for my life and begging defendants to stop but they didn't.  Defendants Fausnett & Verhoeven beat me badly and even mocked me by picking up my pinky finger while placing me in the ambulance stating: "Do you want your pinky back."  [¶] Further more at no time was any attempt made to save my finger.  I have no clue what officers did with my finger still to this day.  While in hospital officers cite and released me.  I also had to have surgery on my right hand.  My bone was sticking

>out from where finger used to be. Doctors cut my bone with surgical scissors and stitched my hand. I had about (7) seven stiches in my right hand and (6) six stiches in left hand. I sat in Fresno Regional Center for about 5 day(s).

(Doc. 9 at 3-4.) Plaintiff requests compensatory and punitive damages. (*Id.* at 5.)

### III. Discussion

#### A. Excessive Force

Although Plaintiff appears to base his excessive force claim on the Eighth Amendment, a claim of excessive force in the context of an arrest or investigatory stop implicates the Fourth Amendment right to be free from "unreasonable ... seizures." U.S. Const. amend. IV; *see Graham v. Connor*, 490 U.S. 386, 394 (1989). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (citations omitted). Whether a law enforcement officer's use of force was "objectively reasonable" depends upon the totality of the facts and circumstances confronting him. *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir.) (en banc) (quoting *Graham*, 490 U.S. at 397), cert. denied, 545 U.S. 1128 (2005).

A court must "first assess the quantum of force used to arrest the plaintiff by considering the type and amount of force inflicted." *Drummond v. City of Anaheim*, 343 F.3d 1052, 1056 (9th Cir. 2003) (internal quotation marks and brackets omitted). Second, a court balances the government's countervailing interests. This involves considering "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. Using these factors, a court must determine "whether the force employed was greater than is reasonable under the circumstances." *Drummond*, 343 F.3d at 1058.

Liberally construing the allegations in the first amended complaint, the Court finds that Plaintiff alleges a cognizable claim for excessive force in violation of the Fourth Amendment against Defendants Fausnett and Verhoeven.

#### B. Deliberate Indifference to Medical Needs

Although not entirely clear, Plaintiff appears to be attempting to assert a claim regarding

his medical needs against defendants. A claim of inadequate medical care brought by a pretrial detainee arises under the Fourteenth Amendment and is governed by an "objective deliberate indifference standard." *See Gordon v. County of Orange*, 888 F.3d 1118, 1124-1125 (9th Cir. 2018). In order to state a claim against any defendant for denial of medical care while a pretrial detainee, Plaintiff must allege that the defendant: (1) "made an intentional decision with respect to the conditions under which the plaintiff was confined"; (2) the "conditions put the plaintiff at substantial risk of suffering serious harm"; (3) the "defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious"; and (4) "by not taking such measures, the defendant caused the plaintiff's injuries." *Gordon*, 888 F.3d at 1125.

Liberally construed, Plaintiff's first amended complaint alleges a deliberate indifference claim against defendants in connection with their purported failure to save Plaintiff's severed finger.

### C. Ninth Amendment

Plaintiff again alleges a violation of the Ninth Amendment. As Plaintiff previously was informed, the Ninth Amendment provides that "the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986). While "[i]t has been argued that the ninth amendment protects rights not enunciated in the first eight amendments[,] "the ninth amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." *Strandberg*, 791 F.2d at 748. "Causes of action based on the Ninth Amendment fail to state a legal claim." *Williams v. Fresno Cty. Dep't of Soc. Servs.*, No. 1:21-cv-00596-DAD-SAB, 2021 WL 3033578, at *6 (E.D. Cal. July 19, 2021) (citing *Ralls v. Facebook*, 221 F.Supp.3d 1237, 1245 (W.D. Wash. 2016)). Plaintiff may not pursue a claim pursuant to the Ninth Amendment.

### IV. Conclusion and Recommendation

Based on the above, the Court finds that Plaintiff's first amended complaint states a

cognizable claim against Defendants Fausnett and Verhoeven for excessive force in violation of the Fourth Amendment and deliberate indifference to medical needs in violation of the Fourteenth Amendment, but fails to state any other cognizable claims.

Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the remaining deficiencies and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

For the reasons stated above, IT IS HEREBY RECOMMENDED as follows:

1. This action proceed on Plaintiff's first amended complaint, filed on September 8, 2021, against Defendants Fausnett and Verhoeven for excessive force in violation of the Fourth Amendment and deliberate indifference to serious medical needs in violation of the Fourteenth Amendment; and

2. All other claims and defendants be dismissed from this action, without prejudice, based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 18, 2021**          /s/ Barbara A. McAuliffe          _
UNITED STATES MAGISTRATE JUDGE