UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE I. GOMEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KINGS COUNTY SHERIFF DEPARTMENT, et al.,<br><br>　　　　　Defendants. | Case No.  1:21-cv-01170-JLT-BAM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT**<br><br>(Doc. 19) |

　　　　Currently before the Court is a document titled "[Proposed] Order Allowing Plaintiff 30 Days to File a Second Amended Complaint," which was filed on February 3, 2022.  (Doc. 19.)  The Court construes the document as a request by Plaintiff's counsel, who recently appeared in this action, as a motion for leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a).  No defendant has been served or otherwise appeared in this action to oppose the request.

　　　　Having considered the request and the record in this action, Plaintiff's motion for leave to amend will be granted.

**BACKGROUND**

　　　　On August 2, 2021, Plaintiff, a county jail inmate proceeding pro se and in forma pauperis, initiated this civil rights action under 42 U.S.C. § 1983.  (Doc. 1.)  On August 20, 2021,

1

1   the Court screened Plaintiff's complaint and granted him leave to amend.  (Doc. 6.)  Plaintiff filed
2   a first amended complaint on September 8, 2021.  (Doc. 9.)  On October 18, 2021, the
3   undersigned issued findings and recommendations recommending that this action proceed on
4   Plaintiff's first amended complaint against Defendants Fausnett and Verhoeven for excessive
5   force in violation of the Fourth Amendment and deliberate indifference to medical needs in
6   violation of the Fourteenth Amendment.  The Court also recommended dismissal of all other
7   claims and defendants, without prejudice, based on Plaintiff's failure to state claim upon which
8   relief may be granted.  (Doc. 10.)  Plaintiff filed objections on November 8, 2021.  (Doc. 12.)

   On December 10, 2021, the district court adopted findings and recommendations in full
   and directed that this action proceed on Plaintiff's first amended complaint against Defendants
   Fausnett and Verhoeven for excessive force in violation of the Fourth Amendment and deliberate
   indifference to serious medical needs in violation of the Fourteenth Amendment.  The Court also
   dismissed all other claims and defendants from this action, without prejudice, based on Plaintiff's
   failure to state claims upon which relief may be granted.  The matter was referred back to the
   undersigned for further proceedings consistent with the district court's order.  (Doc. 13.)

   On December 14, 2021, the Court found service of the first amended complaint
   appropriate on Sr. Deputy Fausnett and Deputy Verhoeven and forwarded service documents to
   Plaintiff for completion and return within thirty days.  (Doc. 14.)  These documents included one
   completed summons for each defendant, one completed USM-285 form for each defendant and
   three copies of the endorsed first amended complaint filed on September 8, 2021.  (*Id.* at 2.)

   On January 13, 2022, Plaintiff submitted service documents to the Court, which included
   two USM-285 forms and three copies of the first amended complaint, but did not include the
   completed summonses.  (Doc. 16.)  Documents were not forwarded to the US Marshal for service
   due to the missing summonses.  Neither Defendant Fausnett nor Defendant Verhoeven have been
   served with the summons and first amended complaint.

   On February 3, 2022, attorney Jason O. Sias, of Sias Law, Inc., entered an appearance as
   counsel of record for Plaintiff.  (Doc. 18.)  On the same date, Plaintiff's counsel submitted the
   instant request for leave to amend complaint now that Plaintiff has retained counsel.  Plaintiff also

2

requests that service of the amended complaint be vacated.  (Doc. 19.)

## DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that a court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Courts consider five factors in determining whether justice requires allowing amendment under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor.").  Absent prejudice, or a strong showing of any of the remaining factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital,* 316 F.3d at 1052.

Here, Defendants Fausnett and Verhoeven have not been served with the first amended complaint and have not yet appeared in this action.  As a result, the Court finds that they will not

be prejudiced by further amendment of the complaint.  The Court also finds that Plaintiff has not unduly delayed in seeking to amend and there is no indication that any amendment is brought in bad faith.  Although counsel has not provided the Court with a proposed amended complaint to assess futility of amendment, the critical factor for leave to amend is the absence of prejudice to defendants.   Accordingly, leave to amend will be granted.

## CONCLUSION AND ORDER

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend (Doc. 19) is GRANTED;

2. The Court's order finding service of the first amended complaint appropriate is VACATED; and

3. Within thirty (30) days of the date of this Order, Plaintiff shall file a Second Amended Complaint.

IT IS SO ORDERED.

Dated:   **February 9, 2022**          /s/ *Barbara A. McAuliffe*          _
                                       UNITED STATES MAGISTRATE JUDGE

4